STATE v. BRESSE

[101 N.C. App. 519 (1991)]

STATE OF NORTH CAROLINA v. RUSTY BRESSE

No. 9016SC530

(Filed 5 February 1991)

**1. False Pretense § 3.1 (NCI3d) — sham business — worthless checks written — sufficiency of evidence of false pretense**

There was no merit to defendant's contention that the trial court erred in denying his motions to dismiss the charges of false pretense when the evidence showed only violations of writing worthless checks, since the evidence tended to show that defendant opened a business account in the name of Purisystems at Southern National Bank in Lumberton; defendant drew four checks against this account for which he knew there were insufficient funds in the account to cover the amounts of the checks; bank employees and the investigating officer were unable to locate Purisystems at the address printed on the check or at any other location; and there was no evidence in the record to suggest any legitimate business purpose for defendant's having opened an account in the name of Purisystems.

**Am Jur 2d, False Pretenses §§ 77-80, 87.**

**2. Criminal Law § 1085 (NCI4th) — sentence to presumptive term — sentences for four convictions to run consecutively — findings as to mitigating and aggravating factors not required**

The trial court was not required to find aggravating and mitigating factors where he entered four separate judgments, sentencing defendant to the presumptive three-year term of imprisonment for each offense, and ordered that defendant serve the sentences consecutively.

**Am Jur 2d, Criminal Law §§ 527, 598.**

APPEAL by defendant from Britt (Joe F.), Judge. Judgments entered 11 January 1990 in Superior Court, ROBESON County. Heard in the Court of Appeals 22 January 1991.

Defendant was charged in four separate bills of indictment with obtaining property by false pretenses in violation of G.S. 14-100. The evidence presented at trial tends to show the following: On 28 February 1989, defendant opened a business account in the

name of Purisystems at Southern National Bank in Lumberton, North Carolina with an initial deposit of $635.00. During the month of March 1989, deposits were made to this account totaling $1,348.00. Withdrawals were made from this account totaling $1,958.38, including $190.00 in return check charges. At the end of March 1989, the Purisystems account balance at Southern National Bank was $165.77 overdrawn.

On 17 March 1989, defendant drew a check for $225.00 on the Purisystems account at Southern National Bank made payable to himself. Defendant then deposited this check into his personal checking account at Progressive Savings & Loan. On 31 March 1989, this check was returned unpaid because of insufficient funds. Brenda Barker Phillips, an employee with Progressive Savings & Loan, who handles returned checks deposited to customer accounts, attempted to locate Purisystems at the address printed on the check, but instead found Tarheel Pools. She also attempted to contact defendant, but found that his home telephone had been disconnected.

On 27 March 1989, defendant drew a check on the Purisystems account at Southern National Bank in the amount of $525.00 made payable to Mark Droptiny. Defendant wrote a second check to Mark Droptiny on 30 March 1989 which was also drawn on the Purisystems account in the amount of $575.00. Droptiny deposited these two checks into his personal account at Wachovia Bank in Lumberton, North Carolina on 30 March 1989. On 31 March 1989, defendant wrote a third check to Droptiny drawn on the Purisystems account in the amount of $1,300.00 which Droptiny deposited into his account at Wachovia that same day. When these three checks were returned to Wachovia unpaid, the bank unsuccessfully attempted to locate Purisystems and contact defendant.

On 7 April 1989, Samuel L. Cox, a detective with the Lumberton Police Department, was dispatched to Wachovia Bank to begin an investigation. Detective Cox took possession of the three checks deposited to Droptiny's account and examined the account records. Based upon this information, Detective Cox obtained warrants for defendant's arrest for obtaining property by false pretenses. These warrants were served on defendant at his home where he consented to a search. During the search, Detective Cox recovered some checks and a checkbook for the Purisystems account at Southern National Bank. Following his arrest, defendant waived his rights

and made a statement admitting that he had written the checks knowing that he did not have money in the bank to cover the amounts, but that he expected to be able to cover the checks shortly. On 11 April 1989, defendant made payments to both Progressive Savings & Loan and Wachovia Bank to cover all amounts owed, including all service charges.

The jury found defendant guilty as charged. From four separate judgments sentencing defendant to four consecutive three-year terms of imprisonment, he appealed.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Jacob L. Safron, for the State.*

*Woodberry L. Bowen and Christopher L. Byerly for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant first contends the trial court erred "in denying the defendant's motions to dismiss the charges of false pretense where the evidence showed only violations of writing worthless checks." We disagree.

Defendant was properly charged in four separate bills of indictment with obtaining property by false pretenses in violation of G.S. 14-100. G.S. 14-100 provides in pertinent part:

(a) If any person shall knowingly and designedly by means of any kind of false pretense whatsoever, whether the false pretense is of a past or subsisting fact or of a future fulfillment or event, obtain or attempt to obtain from any person within this State any money, goods, property, services, chose in action, or other thing of value with intent to cheat or defraud any person of such money, goods, property, services, chose in action or other thing of value, such person shall be guilty of a felony, and shall be punished as a Class H felon . . . .

In *State v. Cronin*, 299 N.C. 229, 262 S.E.2d 277 (1980), our Supreme Court held:

. . . the crime of obtaining property by false pretenses pursuant to G.S. 14-100 should be defined as follows: (1) a false representation of a subsisting fact or a future fulfillment or event, (2) which is calculated and intended to deceive, (3)

which does in fact deceive, and (4) by which one person obtains or attempts to obtain value from another.

*Id.* at 242, 262 S.E.2d at 286.

In the present case, defendant admitted that he signed four business checks knowing that there were insufficient funds in the account to cover those checks. His argument on appeal is that the State failed to show that he had made a "false representation" beyond writing the worthless checks. Defendant cites us to *State v. Freeman*, 308 N.C. 502, 302 S.E.2d 779 (1983). In that case, our Supreme Court upheld the indictment and conviction of a defendant pursuant to G.S. 14-100 for aiding and abetting in obtaining money by false pretenses where the evidence tended to show that defendant was instrumental in creating a fictional business with an account at a reputable bank for the purpose of inducing merchants to cash worthless checks purportedly issued to employees of the business. *Id.* Writing the majority opinion in that case, Justice Meyer stated:

> A defendant may obtain money or property by falsely representing his own identity . . . or he may do so by creating the identity of a 'business' calculated to engender confidence in the inherent worth of the check. The fact remains that behind the mere writing of a worthless check lies a cleverly devised plan to deceive. This is the very essence of a false pretense . . . .

*Id.* at 512-13, 302 S.E.2d at 785.

Defendant attempts to distinguish his case from *Freeman* by stating that there is no evidence in the present case that the business, Purisystems, was a sham established to write checks. We disagree. Taken in the light most favorable to the State, we find that competent evidence was presented tending to show that: (1) defendant opened a business account in the name of Purisystems at Southern National Bank in Lumberton, North Carolina; (2) defendant drew four checks against this account for which he knew there were insufficient funds in the account to cover the amounts of the checks; and (3) bank employees and the investigating officer were unable to locate Purisystems at the address printed on the check or at any other location. More importantly, there is no evidence in the record to suggest any legitimate business purpose for defendant's having opened an account in the name of Purisystems.

It is well settled that if there is substantial evidence to support the allegations of the indictment, it is the court's duty to submit the case to the jury, and the motion to dismiss should be denied. *State v. Agnew*, 294 N.C. 382, 241 S.E.2d 684, *cert. denied*, 439 U.S. 830, 58 L.Ed.2d 124 (1978). In the present case, we hold that there is substantial evidence of every element of the offense charged from which the jury could find that defendant had committed the crimes charged by "creating the identity of a business calculated to engender confidence in the inherent worth of the check[s]."

[2] Defendant next contends the trial judge committed prejudicial error when he sentenced the defendant to four consecutive three-year prison terms without consideration of aggravating or mitigating factors as required by G.S. 15A-1340.4.

Defendant was charged, convicted and sentenced for four separate violations of G.S. 14-100 which are Class H felonies. *See* G.S. 14-100. The presumptive prison term for an offense classified as a Class H felony is three years, and the maximum term of imprisonment for a Class H felony is ten years. G.S. 15A-1340.4(f)(6); G.S. 14-1.1(a)(8).

Defendant argues that Judge Britt was required to find aggravating and mitigating factors in sentencing defendant because the combined sentences, totaling twelve years, exceed the maximum ten-year term for the offense. This argument has no merit.

G.S. 15A-1340.4(b) provides in pertinent part:

> . . . a judge need not make any findings regarding aggravating and mitigating factors if he imposes a prison term pursuant to a plea arrangement . . ., or if he imposes the presumptive term, or if when two or more convictions are consolidated for judgment he imposes a prison term (i) that does not exceed the total of the presumptive terms for each felony so consolidated, (ii) that does not exceed the maximum term for the most serious felony so consolidated, and (iii) that is not shorter than the presumptive term for the most serious felony so consolidated.

The record in this case indicates that although the charges against defendant were consolidated for trial and for hearing on the judgments, defendant's convictions were not consolidated for judgment. Judge Britt entered four separate judgments, sentencing defendant to the presumptive three-year term of imprisonment

for each offense. Judge Britt then ordered defendant to serve the four sentences consecutively. Under these circumstances, Judge Britt was not required by the statute to make findings regarding aggravating and mitigating factors.

Defendant received a fair trial, free from prejudicial error.

No error.

Judges WELLS and ORR concur.